IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CERAMEDIC LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>CERAMTEC GMBH,<br><br>               Defendant. | Civil Action No. 3:14-cv-1969<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

CeraMedic LLC ("CeraMedic") hereby asserts claims of patent infringement against CeramTec GmbH ("CeramTec"), and alleges as follows:

## THE PARTIES

1. CeraMedic is a Florida limited liability company having a place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2. On information and belief, CeramTec GmbH is a German Gesellschaft mit beschränkter Haftung (limited liability company) having a principal place of business at CeramTec-Platz 1-9, 73027 Plochingen, Germany.

## PATENT-IN-SUIT

3. U.S. Patent No. 6,066,584 ("the '584 patent"), entitled "Sintered $Al_2O_3$ Material, Process for Its Production and Use of the Material" was lawfully issued on May 23, 2000, with the original assignee Fraunhofer-Gesellschaft zur Förderung der Angewandten Forschung e.V., Germany ("Fraunhofer"). CeraMedic is the owner, through assignment, of the title, interest, and rights to enforce and collect damages for all past, present, and future infringements of the '584

patent by the accused products and the use thereof.  A copy of the '584 patent is attached as Exhibit A.

## BACKGROUND

4.  Fraunhofer is Europe's largest application-oriented research organization. Its research efforts are geared entirely to people's needs: health, security, communication, energy and the environment.  As a result, the work undertaken by its researchers and developers has a significant impact on people's lives.  Fraunhofer was honored by Thomson Reuters as one of the Top 100 Global Innovators in 2013.

5.  Fraunhofer is the assignee of over 1,500 U.S. patents and was the original assignee of the '584 patent.  In early 2014, Fraunhofer assigned ownership of the '584 patent to CeraMedic.

6.  The '584 patent relates to the field of ceramics and concerns sintered $Al_2O_3$ compositions and methods for the use of such material as medical implants or tool material.

7.  On information and belief, CeramTec developed and manufactures BIOLOX® Delta, an aluminum oxide matrix composite ceramic comprising approximately 82% alumina ($Al_2O_3$), 17% zirconia ($ZrO_2$), and other trace elements.

8.  On information and belief, CeramTec is knowledgeable about the science behind BIOLOX® Delta material, including its composition, performance characteristics, and manufacture.

9.  CeramTec knew of the '584 patent at least as of December 8, 2005, when CeramTec GmbH requested of Fraunhofer a worldwide, non-exclusive patent license to EP 0756586 B1 ("EP 586") and its U.S. counterpart, the '584 patent, among other patents. On February 15, 2011, Fraunhofer further sought to reach a licensing agreement with CeramTec

GmbH as to EP 586 family patents, including the '584 patent, specifically identifying BIOLOX® Delta products as infringing products.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

11. This Court has personal jurisdiction over CeramTec at least because CeramTec offers to sell and sells BIOLOX® Delta ceramics to customers within this district, which BIOLOX® Delta ceramics infringe the '584 patent. CeramTec's offers to sell and sales of BIOLOX® Delta ceramics to customers within this District are part of CeramTec's substantial and ongoing business within this district.

12. In particular, CeramTec sells BIOLOX® Delta, including BIOLOX® Delta femoral heads, in this district to Biomet, Inc., ("Biomet"), an Indiana corporation having a primary place of business at 56 East Bell Drive, Warsaw, Indiana, 46581-0587.

13. CeramTec also sells BIOLOX® Delta, including BIOLOX® Delta femoral heads, in this district to DePuy Orthopaedics, Inc. ("DePuy"), an Indiana corporation having a principal place of business at 700 Orthopaedic Drive, Warsaw, Indiana 46582.

14. CeramTec also sells BIOLOX® Delta, including BIOLOX® Delta femoral heads, in this district to Zimmer Holdings, Inc. and/or its wholly owned subsidiary Zimmer, Inc. (collectively, "Zimmer"). Zimmer Holdings, Inc. is a Delaware corporation having a principal place of business at 345 East Main Street, Warsaw, Indiana 46580, and Zimmer, Inc. is a Delaware corporation having a principal place of business at 1800 West Center Street, Warsaw, Indiana 46581-0708.

15. This Court also has personal jurisdiction over CeramTec because CeramTec induces Biomet, DePuy, and Zimmer to commit patent infringement in this district, including inducing Biomet, DePuy, and Zimmer to use, sell, offer to sell, and import BIOLOX® Delta ceramics in this district, which BIOLOX® Delta ceramics infringe the '584 patent.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c)(3), and 1400(b). The acts giving rise to CeraMedic's claims for patent infringement occurred and continue to occur in this district, and CeramTec, which is not resident in the United States, may be sued in any judicial district.

## COUNT I – INFRINGEMENT OF THE '584 PATENT

17. CeraMedic realleges and incorporates by reference each of the preceding paragraphs.

18. On information and belief, CeramTec, directly or through the actions of their employees, divisions, and/or subsidiaries, has infringed and continues to infringe the '584 patent directly, literally, and/or by equivalents.

19. On information and belief, CeramTec has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, offering for sale and selling BIOLOX® Delta ceramics to at least Biomet, DePuy, and Zimmer in this District.

20. On information and belief, CeramTec has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(g) by, among other things, offering for sale and selling BIOLOX® Delta ceramics manufactured by CeramTec outside of the United States to at least Biomet, DePuy, and Zimmer in this District, which manufacture by CeramTec would infringe the '584 patent if it occurred in the United States.

21. On information and belief, CeramTec has induced and continues to induce infringement of the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(b) by, among other things, encouraging and intending at least Biomet, DePuy, and Zimmer to import BIOLOX® Delta ceramics in this district and to use, sell, and offer to sell BIOLOX® Delta ceramics in this district and in the United States. Such importation, use, sales, and offers for sale of BIOLOX® Delta ceramics by at least Biomet, DePuy, and Zimmer in the United States constitute infringement of the '584 patent under 35 U.S.C. § 271(a) and 35 U.S.C. § 271(g).

22. On information and belief, CeramTec has proceeded in this manner despite actual knowledge of the '584 patent and of the '584 patent's coverage of BIOLOX® Delta ceramics, as described above in paragraph 9. At a minimum, CeramTec would have to have taken deliberate actions to avoid confirming the high probability that at least Biomet's, DePuy's, and Zimmer's importation, use, sales, and/or offers for sale of BIOLOX® Delta ceramics in the United States constitute infringement of the '584 patent, such that CeramTec has been and continues to be willfully blind.

23. CeramTec's sales of BIOLOX® Delta in the United States; CeramTec's offers to sell BIOLOX® Delta in the United States; and CeramTec's inducement of at least Biomet, DePuy, and Zimmer to import, use, offer to sell, and sell BIOLOX® Delta in the United States occurred despite the objectively high likelihood that CeramTec's actions constituted infringement of the '584 patent, which is valid and enforceable.

24. The objectively high likelihood that CeramTec's actions constituted infringement of the '584 patent was also either actually known by CeramTec or so obvious that CeramTec should have known prior to the filing date of this Complaint.

25.     First, as described above in paragraph 9, CeramTec had actual notice of the '584 patent at least as of December 8, 2005, knew the '584 patent potentially covered BIOLOX® Delta ceramics, and previously recognized the value of the '584 patent family.

26.     Second, CeraMedic previously initiated a lawsuit against CeramTec in the District of South Carolina on August 1, 2014 for infringement of the '584 patent by CeramTec's sales and offers to sell BIOLOX® Delta.  *CeraMedic LLC v. CeraMedic GmbH and CeramTec North America Corp.*, Civil Action No. 6:14-03104-TMC (D.S.C.) (Dkt. No. 1).  In lieu of having the District of South Carolina action transferred to this Court, counsel for CeraMedic and counsel for CeramTec agreed that CeraMedic would refile the allegations contained in its August 1, 2014 complaint in this District and that CeraMedic would voluntarily dismiss its lawsuit in the District of South Carolina without prejudice.

27.     Thus, at least as of August 1, 2014—and, on information and belief, before August 1, 2014—CeramTec's infringement of the '584 patent is and has been willful and deliberate.  Further, CeramTec's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '584 patent.

## DAMAGES AND RELIEF

28.     As a consequence of CeramTec's infringement of the '584 patent, CeraMedic has been damaged in an amount not yet determined and will suffer additional irreparable damage unless CeramTec's infringing acts are enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, CeraMedic respectfully requests that the Court enter judgment against CeramTec:

A.  Determining that CeramTec has infringed and continues to infringe one or more claims of the '584 patent;

B.  Preliminarily and permanently enjoining CeramTec, its respective officers, agents, servants, directors, employees, and attorneys, and all persons acting in concert or participation with it, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing the '584 patent;

C.  Ordering CeramTec to account for and pay to CeraMedic all damages suffered by CeraMedic as a consequence of CeramTec's infringement of the '584 patent, together with all pre-judgment and post-judgment interest and costs as fixed by the Court;

D.  Trebling or otherwise increasing CeraMedic's damages under 35 U.S.C. § 284 on the grounds that CeramTec's infringement of the '584 patent was deliberate and willful;

E.  Declaring that this case is exceptional and awarding CeraMedic its costs and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

F.  Granting CeraMedic such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CeraMedic hereby requests a trial by jury for all issues so triable.

Dated: October 17, 2014        By:    <u>/s/ *Kevin K. McNish*</u>

                                                 John M. Desmarais (*pro hac vice forthcoming*)
Email: jdesmarais@desmaraisllp.com
Laurie Stempler
Email: lstempler@desmaraisllp.com
Kevin K. McNish
Email: kmcnish@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212)-351-3400
Facsimile: (212)-351-3401

James M. Lewis (15784-71)
jlewis@thklawfirm.com
Michael J. Hays (23606-71)
mhays@thklawfirm.com
TUESLEY HALL KONOPA LLP
212 E. LaSalle Avenue, Suite 100
South Bend, IN 46617
Telephone: 574-232-3538
Facsimile: 574-232-3790

*Attorneys for CeraMedic LLC*

8